Spurlock, J.
The plaintiffs, Massachusetts Association of Bank Counsel, et al, having appeared on the date scheduled for trial of this matter and the defendant, Closings, Ltd. (“Closings”) having failed to defend, this Court pursuant to Mass.R.Civ.P. 55(b) makes the following findings of fact and rulings of law and enters judgment herein.
Upon the default of Closings this Court, in accordance with Mass.R.Civ.P. 55(b), finds the following facts to have been admitted as true:
1. Closings is a Delaware corporation having a principal place of business located at Highland Avenue, Needham, Massachusetts.
2. On or about April 8, 1988, Closings was incorporated by a national business corporation for the purpose of conducting residential real estate closings. On or about May 13, 1989, a Foreign Corporation Certificate for Closings was approved by the Office of the Secretary of State for the Commonwealth of Massachusetts.
3. The company’s original employees included the lawyers who formerly comprised the residential real estate conveyancing group of a Massachusetts law firm, Ardiff & Morse, P.C. located on 10 Elm Street, Danvers, Massachusetts. Closings’s business plan called for the company to develop a high volume conveyancing practice almost identical to that conducted by Ardiff & Morse.
4. Among the aspects of Closings’s operations designed to achieve its business objectives were the employment of experienced lawyers, the investment of substantial capital by non-lawyers, control and management of the business by non-lawyers, mass marketing of its services, including in-person solicitation, and fee-sharing between lawyers and non-lawyers.
5. Since its organization, Closings has performed all of the tasks required in connection with real estate closings, including, but not limited to, preparing and completing all closing documents, obtaining title abstracts, municipal lien certificates and plot plans, explaining closing documents, advising individuals as to the effect of closing documents, negotiating closing documents, conducting closings, disbursing funds and recording necessary documents. According to materials published by Closings, Ltd., the services offered by Closings include all of the above-referenced services which are normally part of a residential real estate closing.
6. As a result of Closings’s promotional efforts, members of the public are encouraged to and do rely on Closings to render advice on all aspects of real estate closings.
7. Since its organization, Closings has conducted hundreds of real estate closings at which legal advice is rendered by lawyers employed by Closings and non-lawyers acting as employees of a business corporation. Among other actions, employees of Closings have interpreted and explained documents having legal significance and have prepared legal documents including, but not limited to: escrow agreements, deeds, powers of attorney and affidavits.
8. The lawyers employed by Closings, who perform the above described services, are directed by and subject to the control of persons not members of the bar of the Commonwealth.
9. To accomplish its corporate objectives, Closings holds itself out to the public as capable of rendering a complete package of closing services, including legal services.
10. The closing of a real estate transaction involves the preparation and interpretation of documents having legal significance and which affect the legal rights and obligations of the participants.
Upon consideration of these uncontroverted facts, this Court makes the following rulings of law:
1. The practice of law in Massachusetts includes the handling of residential real estate conveyancing and the following specific acts:
(a) the preparation of deeds, mortgages, releases, transfers and other instruments affecting title to real estate and other agreements in connection with residential real estate closings; and
(b) advising persons, firms and corporations as to their legal rights in connection with the conveyance of residential real estate.
2. Through the use of lawyers, who are directed by and subject to the control of persons not members of the bar of the Commonwealth, to perform the above described services Closings is holding itself out as being able to handle all aspects of residential real estate closings, and therefore, Closings is in violation of G.L.c. 221, §46.
WHEREFORE, this Court grants the plaintiffs’ demand for relief and:
1. Declares that the acts of Closings, as described above, constitute the unauthorized practice of law in violation of G.L.c. 221, §§46 and 46A;
2. ORDERS that Closings, Ltd. is and shall be permanently restrained and enjoined from engaging in the activities described above; including, but not limited to:
(a) drafting escrow agreements, deeds, mortgages and other instruments affecting title to real estate and other agreements in connection with residential real estate closings;
(b) advising persons, firms and corporations as to their legal rights in connection with the conveyance of residential real estate; and
(c) handling all aspects of residential real estate closings; and
3. ORDERS that Closings, Ltd. is and shall be permanently restrained and enjoined from holding itself out to the public as able to perform residential real estate closings.
SO ORDERED.